J-S48030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAMANTHA CHARLTON | : | |
| | : | |
| Appellant | : | No. 1079 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0003658-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAMANTHA CHARLTON | : | |
| | : | |
| Appellant | : | No. 1080 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006481-2019

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                    **FILED:  APRIL 16, 2021**

Appellant, Samantha Charlton, appeals from the judgments of sentence entered in the Montgomery County Court of Common Pleas, following her negotiated guilty pleas to two (2) counts of driving under the influence of

alcohol or controlled substances—impaired ability to safely drive ("DUI").[1] We affirm.[2]

The relevant facts and procedural history of this case are as follows. On February 19, 2020, at docket number 3658-2019, Appellant entered a negotiated guilty plea to one count of DUI. At docket number 6481-2019, Appellant entered a negotiated guilty plea to a second count of DUI. In exchange, the Commonwealth recommended time-served sentences and agreed to withdraw additional charges at both docket numbers. The court conducted an oral colloquy, accepted Appellant's pleas, and imposed the negotiated time-served sentences, as well as costs of prosecution and restitution.[3]

On February 24, 2020, Appellant timely filed a post-sentence motion to waive the costs of prosecution due to her inability to pay. In the motion, Appellant argued she "is presently without any financial resources that will enable her to pay any costs, and there is no realistic likelihood that she will

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] On December 7, 2020, we stayed our disposition of this case pending this Court's decision in *Commonwealth v. Lopez*, 2021 PA Super 51 (filed March 23, 2021) (*en banc*). Now that this Court has issued its decision in *Lopez*, we lift the stay order.

[3] Defense counsel did not explicitly request that the court waive the imposition of costs, stating: "I understand the [c]ourt's stance on the costs at this time." (N.T. Guilty Plea Hearing, 2/19/20, at 10). Nevertheless, counsel asked the court to waive supervision fees in light of the restitution at issue. (*See id.* at 10-11). The court agreed to waive the supervision fees. (*Id.* at 13).

be able to pay such costs … in the future." (Post-Sentence Motion, filed 2/24/20, at ¶4). Appellant further argued that the court possessed "the authority and duty to consider waiving costs at sentencing based on a defendant's lack of financial means to pay." (*Id.* at ¶9). Consequently, Appellant requested that the court waive costs or schedule an ability-to-pay hearing. The court denied Appellant's motion by order entered February 27, 2020. These consolidated appeals followed.

On appeal, Appellant continues to assert that a court must consider a defendant's ability to pay prior to including costs as part of a sentence. Appellant relies on Pennsylvania Rule of Criminal Procedure 706(C) for the proposition that a sentencing court has "an affirmative duty" to determine whether the payment of costs places a financial burden on a defendant. (Appellant's Brief at 4). Appellant insists "the sentencing court should have considered Appellant's ability to pay when imposing costs in this matter." (*Id.* at 5). Appellant concludes this Court must vacate her sentence and remand the matter for a determination of her ability to pay the costs at issue. We disagree.

"[W]hile a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him." *Lopez, supra* at 1. "Rule 706(C) does not impose a requirement that a court hold an ability-to-pay hearing before imposing court

costs on the defendant at sentencing." ***Id.*** at 4.

In light of our express holding in ***Lopez***, the sentencing court did not err in denying Appellant's request for an ability-to-pay determination under the circumstances. Moreover, although Appellant's post-sentence motion indicated she is unlikely to pay her court costs, there is no evidence of record indicating that Appellant is in immediate peril of imprisonment due to her failure to pay the costs at issue. ***See id.*** at 11 (stating "unless and until a defendant is in peril of going to prison," the mandate for ability-to-pay hearing does not arise). Accordingly, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/16/21</u>